LAW AND EQUITY COURT OF THE CITY OF RICHMOND

James Lee Jones

v.

Eusebia Barber Jones

July 16, 1970

Case No. D-1792

By JUDGE A. CHRISTIAN COMPTON

Upon a review of the law as it applies to the facts of this suit as disclosed by the depositions and by the ore tenus hearing held this morning, the Court has concluded that there is sufficient corroboration to prove the charge of adultery, and has further concluded that the evidence is not sufficient to sustain the defendant's motion for an allowance of counsel fees. Leave is granted to the defendant to present further evidence in support of her claim for the allowance of counsel fees, if she so desires.

Insofar as the question of corroboration is concerned, the Court has relied principally upon the case of Martin v. Martin, 202 Va. 769, 774 (1961). See also 6 M.J. Divorce and Alimony, §§ 8 and 9 and cases cited therein.

Upon the question of attorney's fees, the Court holds that the evidence fails to show that the defendant does not have sufficient financial resources with which to defend this suit. The general rule is well stated in the case of Hughes v. Hughes, 173 Va. 293 (1939) at page 305, as follows:

Where a wife has no separate estate and is a defendant in a divorce suit brought by her husband, "it is proper that she should be

allowed a reasonable sum, to be paid by her husband to counsel of her own choice."

Such an allowance has its origin in the fact that it is absolutely essential to the proper assertion of the marital rights of the wife which she might be entitled to but would be unable to establish if the husband were not forced to assist her in this regard. But, where the husband objects to the payment of such fees, the wife must sustain her motion by evidence of her needs, the husband's ability to pay, and the items of service for which an award is to be made. While the allowance of attorney's fees is within the discretion of the Court, the power ought not to be exercised unless the wife establishes a prima facie right thereto. 24 Am. Jur. 2d, Divorce and Separation, §§ 571 and 573, pages 693, 694 and 696, ftns. 19, 8 and 4, respectively. See also Nelson on Divorce and Annulment, §§ 12.04 and 29.05.

In this case, the defendant has testified that she is not now employed; that she has no funds; and that she has recently recovered from a stay in the hospital and has been recently released from her doctor's care. The plaintiff has testified that the defendant has been recently engaged in an illegal activity involving the sale of bootleg whiskey, from which she has received compensation and that she has sums of money in a bank account in a local bank. The defendant, while admitting that the bank account is in her name and in the name of a son by a prior marriage, denies that the money therein belongs to her but claims that it belongs to her son, who is in the Armed Services stationed in Vietnam. The aforementioned facts is the only evidence bearing on the issue of the requested attorney's fees. Full and complete disclosure of the defendant's financial condition has not been made nor has any evidence been presented to the Court relating to the plaintiff's financial ability to pay. As stated, the defendant, if she so desires, may renew her request for an allowance of counsel fees at such time as she is able to present sufficient evidence in support thereof.